IN THE UNITED STATES DISTRI-CT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R.T. HARDGE, A/K/A FRANK WILLIAMS, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0450 |
| | § | |
| GARY MOLINA, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER OF DISMISSAL**

Plaintiff, a state inmate in custody of the Harris County Jail on charges of capital murder, files this *pro se* section 1983 lawsuit seeking removal of his DNA sample from the CODIS database.

Based on consideration of the pleadings, the record, and the applicable law, the Court dismisses this lawsuit for the reasons that follow.

*Background and Claims*

Plaintiff reports that his 1983 Harris County conviction for burglary of a habitation was overturned and an order of acquittal entered. He complains that, despite the reversal of the 1983 conviction, his DNA record was unlawfully uploaded to the CODIS database by defendant Gary Molina, an employee of the Texas Department of Public Safety Crime Laboratory. Plaintiff does not challenge the original making of the DNA record, but rather, contends that the DNA record should not have been uploaded into CODIS. He asserts that uploading his DNA record into CODIS violated state law and his Fourth Amendment

protections against unreasonable searches and seizures. Plaintiff requests that his DNA record be removed from CODIS.

### *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

CODIS, the Combined DNA Index System, is a database of DNA records maintained by the Texas Department of Public Safety. Texas state law mandates the making of a DNA record under Section 411.148 of the Texas Government Code, entitled "Mandatory DNA Record."[1]

In arguing that defendant violated state law by uploading the DNA record into CODIS, plaintiff asserts no section 1983 claim. The violation of state law, standing alone, does not

---

[1] The Texas Government Code also provides a procedure for seeking expunction or removal of a DNA record from the database. Section 411.151, TEX. GOV. CODE. Plaintiff does not report that he exhausted his state remedies prior to filing this lawsuit, and does not state that he sough removal of the sample pursuant to Section 411.151.

give rise to an issue of constitutional dimension. Further, the Fifth Circuit recognizes that the collection of DNA samples from state offenders for purposes of the state law database does not violate the Fourth Amendment. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted, and must be dismissed.

### *Conclusion*

This lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on March 10, 2011.

_____
Gray H. Miller
United States District Judge